[No. 5625–2–III.   Division Three.   October 11, 1983.]

*In the Matter of the Personal Restraint of*
JUAN CASTANEDA GARCIA, *Petitioner.*

*Thomas Bothwell,* for petitioner.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Ron Zir-kle, Deputy,* for respondent.

McINTURFF, J.—Juan Castaneda Garcia seeks relief from personal restraint imposed by a Yakima County conviction of being an accomplice to second degree robbery.

Mr. Garcia does not read, write, speak, or understand the English language. On July 28, 1982, with the assistance of an interpreter, he entered a plea of guilty. In response to the court's questions whether he understood he was giving up a number of substantial and important rights, Mr. Garcia, through his interpreter, acknowledged he was waiving his right to a trial by jury, his right to have the State prove the charges against him beyond a reasonable doubt, and the right to appeal to a higher court if he was convicted by a jury. The court asked Mr. Garcia's counsel if he had prepared a written statement on a plea of guilty, but did not ask if Mr. Garcia had read or signed the statement. The guilty plea was accepted and Mr. Garcia was sentenced to 10 years in prison.

Mr. Garcia contends, among other things, his conviction should be vacated because he was not advised that by entering a guilty plea he was waiving his right to confront his accusers. A defendant must be advised that he is waiving this right before his guilty plea is constitutionally acceptable. *State v. Chervenell,* 99 Wn.2d 309, 314, 662 P.2d 836 (1983).

Since Mr. Garcia is challenging his conviction by

personal restraint petition, he bears the burden of establishing that, more likely than not, he was actually prejudiced by the claimed error. *In re Hews,* 99 Wn.2d 80, 89, 660 P.2d 263 (1983); *In re Hagler,* 97 Wn.2d 818, 826, 650 P.2d 1103 (1982). A guilty plea which is invalid due to the State's failure to adequately inform a defendant of his rights constitutes actual prejudice. *In re Hews, supra* at 88.

The only reference in the record to Mr. Garcia's right to confront his accusers is in his statement of defendant upon plea of guilty which states: "I have the right to hear and question witnesses who testify against me." The signing of this form would ordinarily satisfy the State's burden of proving the defendant was aware of his rights. *State v. Chervenell, supra* at 313. However, it must be remembered that Mr. Garcia does not read, write or understand the English language. Because the court failed to ask him through his interpreter whether the form had been read to him and whether he understood he was waiving his right to confront the witnesses against him, the form cannot be used to satisfy *Chervenell.*

Mr. Garcia has shown he was actually prejudiced by not being adequately advised of his right to confront his accusers. Accordingly, his conviction is vacated and the matter remanded to Superior Court for the entry of a new plea.

EDGERTON, J. Pro Tem., concurs.

MUNSON, C.J. (concurring)—Appellate courts do not have the benefit of the "flavor" or the "aura" of the proceedings, such as these, when an individual pleads guilty to a felony. That is why the record is important. The Superior Court Judges Association, in conjunction with the Administrator for the Courts, prepared the State of Washington Judge's Benchbook (1977). It has a section on guilty pleas. Also, the CrR 4.2 form provides a recitation of rights. Examining a defendant before the court on the rights contained therein

would help reduce some congestion in the courts created by such petitions, as shown by this case.